IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUTON DIVISION

| | | |
|---|---|---|
| EUSTAVO REYES, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 4:19-CV-02569 |
| EXXONMOBIL PIPELINE COMPANY | § § § § | |
| Defendant | § § | |

### SURREPLY TO
### DEFENDANT EXXONMOBIL PIPELINE COMPANY'S RESPONSE TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Between the Motion filed by ExxonMobil, the Response by Reyes, and now a Reply to Reyes by ExxonMobil, much has already been said in regard to the Motion for Summary Judgment. Perhaps the time has come to listen to Euripides cautioning us to "Waste no fresh tears over old griefs." Still the persistence of ExxonMobil in unfounded speculation and in misinterpreting two critical cases raised by ExxonMobil justifies this brief Surreply. One of the cases deals with the respective burdens of the parties. That is *Celotex Corp. v. Catrett* 477 U.S. 317, 322 (1986). The other is *E.E.O.C. v. LHC Group* 773 F.3d 688 (5th 2014) on the specific elements of the Americans With Disabilities Act. ExxonMobil accurately states that Reyes is not responding to the ExxonMobil arguments concerning Title VII; however ExxonMobil has no basis to conclude that claim falls as a matter of

law. Reyes is merely being proportionate and dealing only the violation of the Americans With Disability Act

## ARGUMENT & AUTHORITIES

To avoid unduly taxing the time of the Court, this Surreply is confined to particulars of the Reply by ExxonMobil to the Reyes Response.

### A. MISINTERPRETATION OF THE BURDEN PROCESS

The Court is dealing here with a Motion for Summary Judgment. ExxonMobil and not Reyes is the movant. Despite this, ExxonMobil says "Reyes must first establish his prima facie case". ExxonMobil Response, Section B. Strangely enough for this proposition they refer to the McDonnell-Douglas burden shifting analysis. Yet this is a Motion for Summary Judgment. The burden begins with the Movant. That is ExxonMobil, not Reyes. "the party opposing the motion for summary judgment bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material facts." *Celotex Corp. v. Catrett* 477 U.S. 317, 322 (1986). The Supreme Court emphasized the point by putting the phrase "only after" in italics. ExxonMobil's failure to carry that burden is amply shown in their Motion and the Reyes Response. If otherwise, ExxonMobil would not have seen a need to supplant with this Reply to the Reyes Response. Therefore, this Surreply will not belabor the point.

### B. EXXONMOBIL MISLEADS ON THE PRIMA FACIE CASE

ExxonMobil reminds us of Shakespeare. "The truth you speak doth lack some gentleness, and time to speak in; you rub the sore when you should bring the plaster." William Shakespeare "The Tempest". Gonzalo to Sebastian, Act II, Scene I. The sore is the dispute in this case facing this Court. The rub is ExxonMobil's blatant misstatement of E.E.O.C. *v LHC Gro*up. In their Section C, Exxon says that the prima facie case consists of four elements. Simply not true. According to ExxonMobil, *LHC Group*, 773 F3d at 694, the fourth element discussed is whether Reyes must show he "was replaced by someone outside the protected class ..." Yet *LHC* explicitly disavows this fourth element. Specifically the 5th Circuit says that "although the Supreme Court has not weighed in on the matter, the other circuits have overwhelmingly required plaintiffs to prove their termination was because of their disability rather than provide evidence of disfavored treatment or replacement." *LHC* 696. The Court goes on to say "We therefore follow the *Zenor* line of cases. 'To establish a prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his disability.' *LHC* 697. Remarkably, in their Reply ExxonMobil cites *Reyna v. Donley* 479 F. App'x 609, 611-12 (5th Cir. 2012). Why is this remarkable? On one hand *Reyna* dealt with the ADEA and not the ADA. This is not important. What is important is that *Reyna* preceded *LHC* by two and a half years and is therefore not a valid cite.

### C. EXXONMOBIL OVERREACHES ON PRETEXT

In Section D of their Reply ExxonMobil treats the Human Resources investigation as something deserving "good faith."  Court's follow evidence and credibility, not unsupported good faith.  ExxonMobil's own records show that Reyes was an excellent employee.  They also show Becknell had a reputation for improper, even violent, behavior.   Becknell did not report the incident with Reyes land thereby failed to follow company policy.  All of this is shown in the exhibits to ExxonMobil's Motion.  On the other hand, those same exhibits show Reyes did follow policy, instantly reporting the incident.  On top of all this, the entire investigation was based on hearsay in that only Reyes, who reported it, and Becknell, who failed to report it, were witnesses to the incident.  This is the same investigation that resulted in termination letters that were exactly alike for Reyes and Becknell.  In the same section of the Reply ExxonMobil says Reyes expressed "Disagreement with the investigation and speculation about its findings."   Clearly the only speculation was the result of the investigation.

### D. PURE SPECULATION BY EXXONMOBIL

In the last Section, Section E, of ExxonMobil's Reply we find this peculiar assertion.  "Reyes himself decided to dine at the same Twin Peaks restaurant at the same time as Becknell after work." This is not merely a stunning statement by ExxonMobil.  It is utterly ridiculous.  ExxonMobil has absolutely no basis, no evidence, to assert that Reyes used the presence of Becknell to determine where or when to dine. ExxonMobil without basis characterizes Reyes as engaged in

speculation and then ExxonMobil blatantly engages in a speculation that has no foundation. This is the type of unfounded speculation lurking in much of the ExxonMobil position.

## CONCLUSION

Other than emphasizing an improper concept of the burden in a Motion for Summary Judgment, repeating a wrong interpretation of a critical case such as *E.E.O.C. v. LHC* and engaging in unfounded speculation on the choice of Reyes as to his time and place to dine, the Reply by ExxonMobil adds nothing to what is already stated in ExxonMobil's Motion and the Reyes Response.

Respectfully submitted:

Stanley P. Santire
State Bar No. 17643500
Federal ID No. 441644
Email: Stanley@santir.com
Santire Law Firm, PLLC
7500 San Felipe St. Ste. 900
Houston, TX 77063
Ph: 713-787-0405
FAX: 832-201-6791
Attorney in Charge for
Plaintiff Eustavo Reyes

CERTIFICAT OF SERVICE

I hereby certify that a true and correct copy of the foregoing copy of Surreply was serviced in compliance with the Federal Rules of Civil Procedure upon the following counsel for Defendant on the Defendant on November 14, 2020.

| | |
|---|---|
| Kimberly F. Cheeseman | Shauna Johnson Clark |
| State Bar No. 24082809 | State Bar No. 0070977 |
| Federal ID no. 2454668 | Federal ID No. 18235 |
| Kimberly.cheesman@nortonrosefulbright.com | shauna.clark@nortonrosebulbright.com |
| Houston, TX 77010-3095 | Houston, TX 77010-3095 |